DELAVIGNE VS. ARNET.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

The certificate of the notary who makes the protest, is *prima facie* evidence that due diligence was used to find the residence of the maker and endorser of a note, and that notice to the endorser was put in the post-office.

The nature and degree of diligence used to find the residence of the parties to a note, and make demand and give notice to the endorser, may be inquired into on the trial, to rebut the presumption arising from the notary's certificate. This presumption will, however, yield to contrary proof.

This is an action against the maker and endorser of two promissory notes.

The plaintiff alleges, that said notes were protested for non-payment, and refers to the notes and protests which are annexed. He prays for an attachment against Arnet, on the ground that he is about to leave the state, without leaving in it sufficient property to satisfy his demand.

The defendants pleaded a general denial.

The attachment was levied on a schooner, as the property of Arnet.

On the trial, the only evidence offered was the notes, protests and certificates of the notaries.

The certificates state, that "notices to Frederick Arnet, the endorser, was deposited in the post-office in New-Orleans, directed to him in that place, the notary not being able to find him after diligent inquiry from the other endorser and other persons."

Upon this evidence, there was judgment for the plaintiff against Robinson, the maker, and in favor of Arnet, the endorser. The plaintiff appealed.

*Bodin,* for the appellant, insisted that judgment should go against the endorser, on the evidence of the notarys' certi-

EASTERN DIST. *February,* 1840.

DELAVIGNE
*vs.*
ARNET.

ficates. They are evidence of notice to the endorser, the notaries having complied with the act of 1827. See case of *Vigers et al.* vs. *Carlon, f. m. c. Ante* 89.

*Grymes,* contra.

*Morphy, J.,* delivered the opinion of the court.

Arnet, one of the defendants, being sued as endorser of two promissory notes, drawn by his co-defendant, filed, for answer, a general denial. Judgment below having been rendered in his favor, the plaintiff has taken this appeal.

The demand on the drawer, and notice to this endorser, are proved by the certificates of the notaries who protested these notes, according to the act of 1827. This court has frequently held, that these certificates must be taken as *prima facie* evidence, that due diligence was used to find the residence of the drawer and endorser, and that the notice to the endorser was deposited in the post-office. The nature and degree of that diligence may be inquired into on the trial ; and should it appear, in point of fact, that the notary did not use due diligence to procure the necessary information, then the presumption, arising from his official certificate, will yield to the contrary proof. Nothing here is shown, to rebut the concurrent declarations of the notaries that they made diligent inquiry at several public places, and of the other parties to the notes, and that both were unable to discover either of the defendants, or their residence. If they, or either of them, had a domicil in New-Orleans, it could easily have been shown. The circumstance of defendant having been cited personally, has been urged as a presumption that he was domiciliated in town.

It only proves the presence of the defendant at that particular time, and can prove nothing more, especially when we find in the record that an attachment issued against Arnet, on the ground that he was about to remove, with his property, from the state, and that this writ was served on the schooner "*Frederick Arnet.*" From this circumstance, it might perhaps, with more reason be inferred, that this individual

*Margin note:* The certificate of the notary who makes the protest is *prima facie* evidence that due diligence was used to find the residence of the maker and endorser of a note, and that notice to the endorser was put in the post-office.

The nature and degree of diligence used to find the residence of the parties to a note, and make demand and give notice to the endorser, may be inquired into on the trial, to rebut the presumption arising from the notary's certificate. This presumption will, however, yield to contrary proof.

had no fixed domicil, and was, by trade, a sea-faring man; but, be this as it may, no proof whatever was offered on the trial to rebut the *prima facie* evidence, resulting from the notaries' certificates. We think that the plaintiff was entitled to recover.

It is, therefore, ordered and decreed, that the judgment of the Parish Court be reversed, and that the plaintiff do recover of Frederick Arnet the sum of eight hundred and fifty-one dollars and ten cents, with legal interest until paid, as follows, to wit : on four hundred and nineteen dollars and thirty cents from the fourth of September, one thousand eight hundred and thirty-eight, and on four hundred and thirty-one dollars and seventy-eight cents from the fourth of January, one thousand eight hundred and thirty-nine ; together with costs in both courts.